HALL, Judge:
Defendant, Spence Willis, was convicted after trial by jury of two counts of distribution of cocaine in violation of LSA-R.S. 40:967(A)(1). Defendant filed motions for new trial and for post-verdict judgment of acquittal which, after a hearing, were denied. Defendant was sentenced to 20-years imprisonment at hard labor on each count with the sentences to run concurrently. He appealed, specifying 20 assignments of error.
In Assignment of Error No. 16, defendant complains that the trial court erred in refusing to allow the testimony of defendant’s three subpoenaed' witnesses at the hearing on the motion for new trial. Finding merit to this assignment, we remand the case to the district court for the limited purpose of reopening the hearing on the motion for new trial and to allow defendant the opportunity to present the testimony of the witnesses, with the trial court to make a new determination of whether to grant or deny the motion for new trial after taking into consideration the additional testimony.
On the evening of December 22, 1988, Robert Thomas, an investigator for the El Dorado, Arkansas Police Department, Dexter Turner, an investigator for the Red River Parish Sheriff's Department, and a confidential informant (Cl) met with Officer Charles Johnson at the City of Homer Police Department. Turner, Thomas and the Cl left the police station at about 10:30 p.m. in Turner’s automobile to purchase drugs in an undercover operation. The Cl sat on the back seat on the passenger’s side. The three men drove through the area of Homer known as “The Front” before parking at the Bucket of Blood Club and convenience store next to or slightly behind a small black car.
According to Turner, the following events took place when the three men arrived at the convenience store. As Turner exited his vehicle, the defendant, who was sitting in a small black car, asked Turner if he was looking for something. Turner then asked the defendant what he had. Defendant responded “I got some twenty *1066 dollar rocks,” which Turner asked to see. Defendant showed Turner two pieces of crack cocaine which he displayed in his hand. Turner asked how much defendant wanted for both rocks. Defendant responded $40, and Turner gave defendant $40 in exchange for the two pieces of crack cocaine. He put the two pieces of cocaine in his right pants pocket and entered the convenience store to purchase orange juice. Turner testified that the Cl did not introduce him to defendant or walk up to the car during the transaction. He also testified that he observed another person under the steering wheel on the driver’s seat inside the vehicle in which defendant was seated.
According to Thomas, the events occurred in the following fashion. When the three men parked the car near the Bucket of Blood Club where they intended to purchase drugs, the informant pointed out the defendant. After the Turner transaction, Thomas walked with the informant up to the vehicle where defendant was sitting. Thomas testified that the informant told defendant that Thomas was interested in buying some rock. The defendant stated he only had one dime rock left. Thomas handed defendant $10 in exchange for one rock which he placed in his pocket and then returned to the vehicle. He testified he did not remember another passenger inside of the vehicle.
After these transactions, the three men returned to the Homer City Police Department and reported to Officer Charles Johnson. Johnson placed the evidence inside an evidence envelope and filled out the corresponding labels. According to Thomas, he and Turner identified defendant whose name was given to them by the Cl in January from a photograph as the man with whom they engaged in the illegal transactions on December 22, 1988.
Defendant’s motion for a new trial alleged that he believed that the vehicle identified by the officers at the trial belonged either to Thenon Ivory and was occupied by him, or to Veocha Currie, and was occupied by her on the night in question, and that Ivory and Curry would both testify that defendant was not in their vehicle. Defendant also alleged that the confidential reliable informer in this matter is Donnie Emerson, and that the said confidential informer, whose identity was not previously disclosed, will testify adversely to the testimony of the officers in this matter about buys of cocaine from defendant and will, in fact, testify that no buys were made from the defendant in his presence or while he was in the area.
At the hearing on the motion for new trial, counsel for defendant explained that he had subpoenaed the three witnesses and proposed to call them to testify in accordance with the allegations contained in the motion. After objection by the state, the district court refused to allow defendant to call the witnesses and denied the motion for new trial.
LSA-C.Cr.P. Art. 851 provides that a new trial shall be granted whenever new and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty. LSA-C.Cr.P. Art. 852 provides that a motion for new trial shall be in writing, shall state the grounds upon which it is based, and shall be tried contradictorily with the district attorney. LSA-C.Cr.P. Art. 854 requires that a motion for new trial based on newly discovered evidence contain allegations sworn to by defendant or his counsel showing (1) that notwithstanding the exercise of reasonable diligence by defendant, the new evidence was not discovered during trial; (2) the names of the witnesses who will testify and a concise statement of the newly discovered evidence; (3) the facts which the witness or evidence will establish; and (4) that the witnesses are not beyond the process of the court, or are otherwise available. LSA-C. Cr.P. Art. 858 provides that neither the appellate nor supervisory jurisdiction of the appellate court may be invoked to review the granting or refusal to grant a new trial except for error of law.
*1067 An abuse of the trial court’s discretion on the ground of newly discovered evidence has been regarded as presenting a question of law, although great weight must be attached to the exercise of the trial judge’s discretion, which should not be disturbed on review if reasonable men could differ as to the propriety of the trial court’s action. State v. Talbot, 408 So.2d 861 (La. 1981), on rehearing. The ambit of a trial court’s discretion is determined by the reasons for its existence. Some of the more important reasons for deferring to the trial court’s exercise of discretion are its observation of the witnesses and its superior opportunity to get “the feel of the case.” A trial court may not ignore pertinent new and material evidence in deciding a new trial motion. State v. Talbot, supra. See also State v. Shannon, 388 So.2d 731 (La.1980).
The alleged new evidence about the ownership of similar cars by other persons does not seem very significant, and, standing alone, might not require the trial court to hear testimony in that regard. However, testimony by the confidential informer who was present to the effect that no buys were made from the defendant could be highly significant and probative. A substantial issue of credibility and accuracy of the testimony of the witness and its probable effect on the verdict of the jury would be presented to the trial court in making a determination on the motion for new trial. It may be that even if the witness is the informer who accompanied the officers, and even if he testified that defendant made no sales to the officers, the court might find that such testimony, weighed against that of the officers, would probably not have affected the jury’s verdict. Nevertheless, the alleged testimony appears to be of enough significance that the court should hear it in order to make a credibility evaluation and its discretionary determination of whether to grant or deny a new trial.
At the hearing on the motion for a new trial, the assistant district attorney raised the point that since the court prior to trial had ruled that the identity of the confidential informant need not be disclosed, the defendant should not be able to bring that matter back up ancillary or collateral to a post-trial motion for new trial. We note that defendant’s sworn allegation is that he “believes” the witness is the confidential informer. On remand, the trial court may make appropriate inquiries, require defendant to establish a proper foundation, and employ protective measures to assure that the state’s privilege against disclosing the informer’s identity is not compromised through a fishing expedition or ploy by the defendant. Still, if the witness is indeed the confidential informant and the witness does propose to testify as alleged, the testimony should be taken and considered by the court in ruling on the motion for new trial. '
We do not reach the merits of defendant’s other assignments of error. The appeal is held in abeyance and we remand the case to the district court for the limited purpose of reopening the hearing on the motion for a new trial, to allow the defendant the opportunity, subject to latitude granted the trial court to protect the state’s informer privilege, to present the testimony of the three witnesses, with the trial court to make a new determination of whether to grant or deny the motion for a new trial after considering the additional evidence. If a new trial is granted, then further proceedings shall be conducted in the district court accordingly. If the new trial is denied, then the record on appeal shall be supplemented with a transcript of the proceedings on remand and forwarded to this court for consideration of defendant’s appeal on its merits.
APPEAL HELD IN ABEYANCE; CASE REMANDED FOR LIMITED PURPOSES.